Filed 8/26/22  P. v. Bradley CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HERBERT BRADLEY,<br><br>    Defendant and Appellant. | A163776<br><br>(Alameda County<br>Super. Ct. No. 21-<br>CR-001459) |

## MEMORANDUM OPINION[1]

Defendant Herbert Bradley was convicted by jury of injuring a child under the age of 14, brandishing a deadly weapon, and lying to a law enforcement officer. The trial court sentenced him to 12 years in state prison (a 6-year aggravated term on the child endangerment conviction, doubled for prior strikes to 12 years).

He maintains on appeal that given recent amendments to Penal Code section 1170,[2] his sentence must be vacated, and the matter remanded for resentencing. The Attorney General agrees.

---

[1] This appeal may appropriately be resolved by Memorandum Opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

Effective January 1, 2022, our determinate sentencing law, section 1170, was amended in several fundamental ways. (See Sen. Bill No. 567 (2020–2021 Reg. Sess.); Stats. 2021, ch. 731, § 1.3; Assem. Bill No. 124 (2020–2021 Reg. Sess.); Stats. 2021, ch. 695, § 5.) Relevant here, Senate Bill No. 567 amended section 1170, former subdivision (b) by making the middle term the presumptive sentence for a term of imprisonment unless certain circumstances exist. (Stats. 2021, ch. 731, § 1.3, adding § 1170, subd. (b)(1) & (2).) This bill also created a presumption in favor of a low prison term under certain circumstances. (Stats. 2021, ch. 695, § 4, adding § 1016.7; Stats. 2021, ch. 695, § 5.1, adding § 1170, subd. (b)(6).) As relevant here, section 1170, subdivision (b)(6) provides: "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (§ 1170, subd. (b)(6)(A).)

"The People correctly concede the amended version of section 1170, subdivision (b) that became effective on January 1, 2022, applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal. (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 308. . . .) Under established law, we 'assume, absent evidence to the contrary, that the Legislature intended an "amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date." ' (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341. . . .) 'For the purpose of determining the retroactive application of an amendment to a criminal

2

statute, the finality of a judgment is extended until the time has passed for petitioning for a writ of certiorari in the United States Supreme Court.' (*Id.* at pp. 341–342, citing *People v. Vieira* (2005) 35 Cal.4th 264, 305–306. . . .)" (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 (*Flores*), fn. omitted.)

Defendant points out the probation report and defense sentencing memorandum refer to a number of mental health conditions from which defendant allegedly suffers, including depression, post-traumatic stress disorder, anxiety disorder, bipolar disorder, and schizophrenia. While in jail pending trial, he was prescribed and took anti-depressant medication and anti-psychotic medication. On at least one occasion he has been admitted to the John George Psychiatric facility. Accordingly, defendant has made a prima facie showing that he comes within the provisions of section 1170, subdivision (b)(6)(A).

In the final pages of his opening brief, defendant seemingly urges us to do more than vacate the sentence and remand for the trial court to exercise its discretion under section 1170 as recently amended. He asks that we "conditionally reverse the conviction" to allow him to make a further showing as to his eligibility under section 1170, subdivision (b)(6)(A). The Attorney General agrees defendant is entitled to a remand for resentencing, at which time he may present additional evidence bearing on the applicability of this subdivision. However, the Attorney General does not agree defendant is entitled to "conditional[] reversal" of his "conviction."

We agree with *Flores* that the new statutory provisions "establish[] a presumption of the lower term if" the circumstances set forth in section 1170, subdivision (b)(6) apply. (*Flores, supra,* 73 Cal.App.5th at p. 1039.) However, that presumption can be overcome if " 'the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the

lower term would be contrary to the interests of justice. . . .' (§ 1170, subd. (b)(6)(B). . . .)" (*Flores,* at p. 1039.) Accordingly, the proper disposition is to "remand to the trial court to apply this provision in the first instance in order to determine defendant's new sentence." [3] (*Ibid.;* see *People v. Whitmore* (2022) 80 Cal.App.5th 116, 132 ["On remand, the parties are free to argue for the term they believe is appropriate under the applicable law."].)

## DISPOSITION

The sentence is vacated, and the matter is remanded for the trial court to exercise its discretion consistent with section 1170, subdivision (b), as amended by Senate Bill No. 567 (2020–2021 Reg. Sess.) and Assembly Bill No. 124 (2020–2021 Reg. Sess.). Following resentencing, the trial court clerk shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.

---

[3] Defendant cites to *People v Frahs* (2020) 9 Cal.5th 618 (*Frahs*) in seeming support of his assertion that his conviction should be conditionally reversed. The issue in *Frahs,* however, was whether the defendant was entitled to the benefit of retroactive pretrial diversion under sections 1001.35 and 1001.36, and the high court held that he was. (*Id.* at p. 625.) Defendant here makes no claim pertaining to pretrial diversion but claims entitlement to resentencing under the recent amendments to section 1170. Presumably, defendant cites to *Flores* in support of a remand, a disposition with which we agree.

_____
Banke, J.

We concur:

_____
Margulies, P.J.

_____
Wiss, J.*

*Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

A163776, People v. Bradley